**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2146
_____

In re: RICHARD RODRIGUEZ, d/b/a Cr Fun Development LLC,
d/b/a The Little Gym, and CLARIBEL RODRIGUEZ,

Debtors

T.D. Bank, N.A.,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-06718)
District Judge: Hon. Jerome B. Simandle
_____

Submitted under Third Circuit LAR 34.1(a)
April 22, 2013

Before: JORDAN, ALDISERT and NYGAARD, <u>Circuit Judges</u>.

(Filed: April 22, 2013)
_____

OPINION OF THE COURT
_____


ALDISERT, <u>Circuit Judge</u>.

TD Bank, a creditor of debtors Richard and Claribel Rodriguez ("Appellees"),

appeals from a judgment by the United States District Court for the District of New

Jersey that affirmed a Bankruptcy Court's Confirmation Order and denied TD Bank's

1

motion for relief from the Confirmation Order. This appeal requires us to decide whether the Bankruptcy Court erred by denying the bank's motion without reaching the merits, after it concluded that the relief sought by the bank would impermissibly disturb the Confirmation Order pursuant to 11 U.S.C. §1330(a) and this Court's precedent. We will affirm.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

I.

On May 17, 2011, Appellees filed a Chapter 13 petition, which resulted in the creation of a Chapter 13 Plan (the "Plan"). As part of the Plan, Appellees sought to "strip off" from their residence a second mortgage held by TD Bank. The bank filed a timely objection to confirmation of the Plan arguing that its lien should not be "stripped off" because Appellees' residence was worth more than the value of the first mortgage held by another creditor. In its objection, TD Bank requested that the Bankruptcy Court "hold a hearing, on the date of the confirmation hearing or such other date as the [Bankruptcy] Court may deem appropriate, with respect to the value of Debtors' residence." JA 69. According to TD Bank, though, a "computer glitch" resulted in the Chapter 13 Trustee being unaware that TD Bank had filed an objection to confirmation of the Plan, and "inadvertence" by its own counsel resulted in TD Bank's failure to appear at the confirmation hearing on August 25, 2011. Brief of Appellant 5. Accordingly, the Bankruptcy Court confirmed the plan, including the "strip off" of TD Bank's mortgage.

On October 6, 2011, TD Bank filed a motion seeking relief from the Confirmation Order and requesting a hearing to determine the value of Appellees' residence. Counsel for TD Bank stated that "the most appropriate framework for looking [at their

2

motion] . . . would probably be as a Rule 60(b) motion, in other words, a Rule 60(b)(1) motion for relief from a final order on the basis either of inadvertence or excusable neglect." JA 12. By oral decision on October 14, 2011, the Bankruptcy Court denied TD Bank's Rule 60(b) motion without considering the merits, concluding that 11 U.S.C. § 1330[1] prevented TD Bank from obtaining the relief it sought unless TD Bank could demonstrate there was fraud. The bank argued that because it did not seek to revoke the Confirmation Order, but rather sought a valuation hearing to determine whether its lien was appropriately "stripped off," § 1330(a) did not prevent the relief it sought. The Bankruptcy Court rejected this argument.

TD Bank appealed and the District Court affirmed. The District Court stated that "Fesq controll[ed] [the] case" and that TD Bank could not "challenge the confirmation order through Rule 60 in the absence of fraud." JA 08; see also In re Fesq, 153 F.3d 113, 121 (3d Cir. 1998) (concluding that as a result of §1330(a), "fraud is the only ground for relief available for revocation of a Chapter 13 confirmation order"). The District Court did not address whether relief from a confirmation order for the purpose of holding a valuation hearing would constitute an impermissible "disturbing of the confirmation order," concluding that this issue had been waived and that "the issue presented for appellate review [was] limited to '[w]hether the Bankruptcy Court erred in holding that it

---

[1] 11 U.S.C. § 1330(a) states:

> On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

was prohibited, as a matter of law, from considering the merits of TD Bank's motion for relief under Federal Rule of Civil Procedure 60(b)(1).'" JA 05. TD Bank appeals.[2]

## II.

"In undertaking our review, we stand in the shoes of the district court." In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631, 635 (3d Cir. 1998). "Accordingly, we review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error." In re Global Indus. Techs., Inc., 645 F.3d 201, 209 (3d Cir. 2011) (en banc).

## III.

Rule 60(b) of the Federal Rules of Civil Procedure provides multiple grounds "for relief from a final judgment, order, or proceeding," including "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure. Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60(b) applicable to bankruptcy proceedings.[3] This general applicability, however, is complicated by 11 U.S.C. § 1330(a), which states that a court may revoke a confirmation order "if such order was procured by *fraud*." 11 U.S.C. § 1330(a) (emphasis added). In Fesq, this Court

---

[2] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157. The District Court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.

[3] Rule 9024 of the Federal Rules of Bankruptcy Procedure reads as follows:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

4

examined the "relationship between Section 1330(a) and Rule 9024 to see whether [an individual] can properly take advantage of Rule 60(b)'s more expansive grounds for relief" in a bankruptcy proceeding, notwithstanding the language of § 1330. 153 F.3d at 116. This Court concluded that as a result of § 1330(a), "fraud is the only ground for relief available for revocation of a Chapter 13 confirmation order." Id. at 121. Consequently, "Rule 60(b) cannot be used as a vehicle for revoking [confirmation] orders for reasons other than fraud, [but] it may still be used to correct some other problems that arise with such orders. So, for example, courts [can] still redress clerical mistakes via Rule 60(b) without fear of violating Section 1330(a)." Id. at 117 n.6

IV.

Here, the primary issue is whether, on the facts of this case, our decision is controlled by the teachings of Fesq. TD Bank contends that it is not for two reasons. First, it argues that notwithstanding this Court's decision in Fesq, the Supreme Court's later decision in United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010) "made clear that [a] creditor's application under Rule 60(b) should be considered on the merits," even when a party has not alleged fraud. Brief of Appellants 14. Second, it argues that Fesq does not control because TD Bank does not seek to revoke the Confirmation Order but merely requests that the Bankruptcy Court hold a valuation hearing to determine whether its lien was appropriately "stripped off." Id. at 21-25. We find these arguments unavailing and will affirm.[4]

---

[4] We consider and reject also TD Bank's argument that the facts in Fesq are "materially distinguishable" from the facts here, see Brief of Appellants 7, and that we should reverse due to this Court's "preference that cases be disposed of on the merits whenever practicable," see id. at 16. These arguments are unrelated to the simple statutory questions presented here.

A.

TD Bank argues that Fesq does not prevent consideration of its Rule 60(b)(1) motion on the merits because, although the Supreme Court's later decision in Espinosa "may not have expressly considered the validity of Fesq, the language of the Court's opinion at the very least implies that the scope of Rule 60(b) may in some cases encompass confirmation orders." Brief of Appellant 6, 14. We disagree with this interpretation.

TD Bank is correct that the Supreme Court reached the merits of a Rule 60(b) motion in Espinosa even though fraud was not alleged in that case. See 130 S. Ct. at 1377. The Court did not, however, address whether a Rule 60(b) motion could be denied, without reaching the merits, upon consideration of the limits set forth in § 1330. Id. It did not address the effect of § 1330 "because the parties did not raise it in the courts below." Id. at 1377 n.9.  As a result, Espinosa did not limit Fesq. Indeed, the Supreme Court *expressly* left that case intact when it observed:

> Courts of Appeals disagree as to whether a Rule 60(b)(4) motion should be treated as a "complaint to revoke" a plan subject to § 1330's time limit and substantive limitation to motions based on fraud. Compare Whelton, 432 F.3d, at 156, n. 2, with In re Fesq, 153 F.3d 113, 119 n. 8 (3rd Cir. 1998). We need not settle that question, however, because the parties did not raise it in the courts below. And even under a theory that would treat United's Rule 60(b)(4) motion as a "complaint to revoke" the plan, United's failure to file its motion within § 1330(a)'s 180–day deadline and its failure to seek relief on the basis of fraud did not deprive those courts—and does not deprive us—of authority to consider the motion on the merits because those limitations are not jurisdictional.

Id. Furthermore, although Fesq and Espinosa both involved a motion for relief from a final order under Rule 60(b)(4), rather than Rule 60(b)(1) which is at issue here, Fesq stated that "*Rule 60(b)* cannot be used as a vehicle for revoking [confirmation] orders for reasons other than fraud." 153 F.3d at 117 n.6 (emphasis added). Fesq made no

6

distinction between any of Rule 60(b)'s six enumerated grounds for disturbing a final order, and we find no reason to make such a distinction here. Because we agree with the District Court that Fesq controls, we will affirm.

B.

TD Bank argues also that the District Court erred when it declined "to reach issues that were not explicitly set forth in [TD Bank's] statement of issues" but were "raised and argued in the argument section." Brief of Appellant 21. Specifically, TD Bank argues that the District Court erred by not considering whether the Bankruptcy Court properly concluded that "conducting a valuation hearing to ascertain the bank's secured status would constitute [a] disturbing of the confirmation order." Id. at 23. We need not tackle the question of whether the District Court erred by not reaching this issue, however, because we may affirm the decision of the Bankruptcy Court for reasons different from those relied upon by the District Court. See In re Prof'l Ins. Mgmt., 130 F.3d 1122, 1129 (3d Cir. 1997).

We conclude that the Bankruptcy Court properly rejected TD Bank's argument that the relief it sought would not impermissibly disturb the Confirmation Order. The relief sought by Appellants would disturb the confirmation order to an extent impermissible under § 1330. As the Bankruptcy Court stated, the Plan confirmed was "the plan in all respects, and one cannot take a piece of it and say the rest of it remains intact, therefore, the order of confirmation is not disturbed . . . . [One] cannot take a piece of it out and say that [he or she is] not disturbing the order of confirmation."). JA 17. "[T]he purpose of bankruptcy law and the provisions of reorganization could not be realized if the discharge of debtors were not complete and absolute" and "if courts should

7

relax provisions of the law . . . the policy of the law would be defeated." Fesq, 153 F.3d at 119 (quoting In re Penn Cent. Transp. Co., 771 F.2d 762, 767 (3d Cir. 1985)).

The confirmation hearing is the main event; that is the moment when TD Bank should have raised its challenge. To be sure, it was unfortunate that a computer glitch prevented the Chapter 13 Trustee from noticing that TD Bank had filed an objection to confirmation. We could speculate as to what would have happened at the confirmation hearing had that glitch not occurred, but we would be remiss if we did not again note that TD Bank could have attended the hearing, at which point, computer glitch or not, it could have raised its objection and provided proof that it had in fact objected previously.

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is needed. The judgment of the District Court will be AFFIRMED.